UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GONZA LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>MISSION COMPETITION FITNESS EQUIPMENT LLC,<br><br>  Defendant. | §§§§§§§§§§§§§ Civil Action No. 6:21-cv-00771<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Gonza LLC ("Neck Flex" or "Plaintiff"), by and through its attorneys, for its Complaint against Mission Competition Fitness Equipment LLC ("Iron Neck" or "Defendant"), hereby alleges upon information and belief to Defendant's actions and knowledge to its own actions as follows:

## I. NATURE OF THE ACTION

1. This is a patent infringement action arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, to end Defendant's infringement of Plaintiff's United States Patent No. 11,007,405 (the "'405 Patent), a copy of which is attached hereto as Exhibit A. Plaintiff seeks injunctive relief and monetary damages.

## II. PARTIES

2. Plaintiff Gonza LLC is a limited liability company organized and existing under the laws of the Commonwealth of Virginia. Plaintiff, a veteran-owned small business, has a place of business at 21026 Gulick Mill Road, Leesburg, Virginia 20175.

3. Plaintiff is the owner of the entire right, title, and interest of the '405 Patent.

4. Mission Competition Fitness Equipment LLC is a limited liability company organized and existing under the laws of the State of Texas with a place of business at 4111 Todd Lane, Suite 200, Austin, Texas, 78744.

5. Defendant may be served through its registered agent Legalinc Corporate Services Inc., 10601 Clarence Drive, Suite 250, Frisco, Texas 75033.

6. Defendant is registered to do business in the State of Texas and has been since October 12, 2015.

7. Defendant conducts business operations within the Western District of Texas, including at its place of business at 4111 Todd Lane, Suite 200, Austin, Texas, 78744.

8. Defendant has offices in the Western District of Texas where it develops, manufactures, sells, and/or markets infringing products under the "Iron Neck" brand, including offices in Austin, Texas. Defendant sells infringing products under the "Iron Neck" brand in the Western District of Texas.

### III. JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

10. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendant because: Defendant is a resident of the State of Texas and the Western District of Texas; Defendant has minimum contacts with the State of Texas and the Western District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and the Western District of

Texas, and sought the protection and benefit of the laws of the State of Texas by incorporating here; Defendant regularly conducts business in the State of Texas and the Western District of Texas; and Plaintiff's causes of action arise directly from Defendant's business and other activities in the State of Texas and the Western District of Texas. More specifically, Defendant makes, sells, uses, offers for sale, and advertises products under the "Iron Neck" brand that infringe the '405 Patent in the State of Texas and the Western District of Texas, has infringed the '405 Patent in the Western District of Texas, and solicits customers in the State of Texas and the Western District of Texas who purchase Defendant's products under the "Iron Neck" brand that infringe the '405 Patent.

12. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because Defendant is registered to do business in the State of Texas, resides in and has offices in the Western District of Texas, has committed acts of infringement including making and selling infringing products in the Western District of Texas, and has a regular and established place of business at 4111 Todd Lane, Suite 200, Austin, Texas, 78744.

### IV. PLAINTIFF'S U.S. PATENT 11,007,405

13. The '405 Patent, entitled "NECK EXERCISE DEVICE AND SYSTEM," was filed September 4, 2014 and duly and legally issued by the United States Patent and Trademark Office ("USPTO") on May 18, 2021 after a full and fair examination.

14. Plaintiff is the assignee and owner of all rights, title, and interest to the '405 Patent, including the right to enforce the '405 Patent, the right to license the '405 Patent, and the right to sue Defendant for infringement and to seek equitable relief and recover past damages.

15. Plaintiff is a manufacturer of exercise equipment operated by the inventors of the '405 Patent.

16. At the time of invention, the '405 Patent's inventors had an interest in neck exercise equipment but noticed that commonly used conventional neck exercise devices were too cumbersome to use and offered limited exercise options. '405 Patent, 1:20-28. For example, some traditional weightlifting head harnesses included a chain to attach the harness to one or more weights and attached to the head harness at two attachment points, but these devices provided limited mobility to their users. *Id*. Other commonly used devices such as 4-way neck machines or leather harnesses with dog ears had similar design flaws.

17. Recognizing these flaws in existing neck exercise equipment, Plaintiff introduced a new line of improved neck exercise equipment under the "Neck Flex" brand. Plaintiff sought to improve upon the limited mobility of existing neck exercise equipment, and a key innovation of the Neck Flex over existing neck exercise equipment is the inclusion of vertically oriented D-rings placed on quadrants of the hardness which may be used in conjunction with resistance bands to provide improved neck exercises[1]:

---

[1] See https://www.youtube.com/watch?v=prnaHeWUBAA



18.     Plaintiff's neck exercise equipment is an innovative design that utilizes multiple rotatable attachment members among other improvements to offer significantly improved mobility to its user.

19.     Plaintiff's innovative design provides numerous new neck training options.

20.     Plaintiff's Neck Flex was overwhelmingly well received and received numerous positive reviews.

21.     Since its introduction, the Neck Flex has been widely adopted by professional athletes. Neck Flex's customers and/or users include Jon Jones and Anthony Joshua of the UFC, Phil Daru, the University of North Carolina, units of the U.S. military, the Canadian special forces, the Royal Australian Air Force, as well as professional rugby teams and NFL teams.

22.     Plaintiff applied for and obtained the '405 Patent from the UPSTO to protect its

innovative "Neck Flex" products.

23. Defendant makes and/or sells neck exercise equipment under the "Iron Neck" brand:



24. Defendant's "Iron Neck" branded products are near identical copies of Plaintiff's "Neck Flex" products and infringe Plaintiff's '405 Patent.

## COUNT ONE – INFRINGEMENT OF THE '405 PATENT

25. Plaintiff incorporates by reference the allegations in all preceding paragraphs as if fully set forth herein.

26. Defendant has infringed and continues to infringe Plaintiff's '405 Patent.

27. In violation of 35 U.S.C. §§ 271 *et seq.*, Defendant directly infringes at least claim 1 of the '405 Patent by making, selling, using, and offering for sale apparatus within the scope of claim 1 of the '405 Patent.

28. Exemplary infringing products include Defendant's "Iron Neck" branded products, including but not limited to the Iron Neck Alpha Harness, and all substantially similar products.

Plaintiff names exemplary infringing products only to serve as notice of Defendant's infringement and reserves the right to name additional infringing products when learned by Plaintiff or revealed during discovery.

    29.    Defendant's Iron Neck Alpha is a neck exercise device:



    30.    Defendant's Iron Neck Alpha has a head harness having an adjustable headband:



The adjustable headband includes a headband adjustment member (a slide portion):



The adjustable headband has a circumferential length along a first axis and a width along a second axis perpendicular to the first axis:



31.     Defendant's Iron Neck Alpha has a first cranial strap having each end attached to the adjustable headband:



32.     Defendant's Iron Neck Alpha has a second cranial strap having each end attached to the adjustable headband:



33.     Defendant's Iron Neck Alpha has an adjustable chin strap including an adjustment member with an adjustable pad configured to slide along the adjustable chin strap:



34. Defendant's Iron Neck Alpha has a plurality of attachment members mounted to the adjustable headband:



The attachment member is mounted to the adjustable headband in a vertical orientation parallel to the second axis:



Each attachment ring is configured to rotate about the vertical orientation parallel to the second axis:



35. Defendant intentionally induces and continues to induce infringement of the '405 Patent by its distributors, retailers, customers, end users, and third parties by advertising and promoting the assembly and/or use of infringing products through its websites, websites of third parties, advertisements, and social media channels. Defendant's advertising, product descriptions, manuals, videos, and other promotional and instructional materials instruct third parties to assemble and use infringing neck exercise devices, and third parties do so.

36. Defendant contributes to the infringement of the '405 Patent by making, selling, and/or offering for sale components that are material to the claims of the '405 Patent. For example, Defendant makes and/or sells kits containing components and/or instructions which its customers use to assemble a complete infringing neck exercise device. Components made, sold, and offered for sale by Defendant are especially made or adapted to infringe the '405 Patent and have no substantial non-infringing use.

37. On May 20, 2021, Plaintiff informed Defendant of the '405 Patent and its infringement thereof via email. Defendant has had knowledge of the '405 Patent and its infringement thereof at least as of May 20, 2021.

38. On June 17, 2021, Plaintiff sent to Defendant a cease-and-desist letter further describing Defendant's infringement.

39. Defendant's acts of infringement have been without authority and/or license from Plaintiff.

40. As a result of Defendant's infringement of the '405 Patent, Plaintiff has suffered damages including, but not limited to, lost profits.

41. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

42. Defendant's infringement of Plaintiff's '405 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## V.   JURY DEMAND

43. Plaintiff demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

44. Plaintiff Gonza LLC respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

   A. an adjudication that Defendant has directly infringed, either literally and/or under the doctrine of equivalents, one or more claims of the '405 Patent;

B. an adjudication that Defendant has indirectly infringed, induced infringement of, or contributed to the infringement of the '405 Patent;

C. an adjudication that Defendant has willfully infringed one or more claims of the '405 Patent;

D. an award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '405 Patent, including pre-judgment and post-judgment interest, lost profits, costs, expenses, an accounting of all infringing acts, and an ongoing royalty for continued infringement;

E. preliminarily and permanently enjoin Defendant pursuant to 35 U.S.C. § 283;

F. that this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

G. Any further relief that this Court deems just and proper.

Date: July 28, 2021                                     Respectfully submitted,

By: /s/ Minghui Yang
Minghui Yang
CARMICHAEL IP PLLC
Texas State Bar No. 24091486
8000 Towers Crescent Drive
13th Floor
Tysons Corner, VA 22182
Email: mitch@carmichaelip.com
Phone: 703-646-9255

*Attorney for Plaintiff*
*Gonza LLC*